NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 23 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RUBY E. KETSCHAU, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF WASHINGTON, TACOMA; RONALD LEIGHTON, Judge; Honorable DAVID W. CHRISTEL, Magistrate Judge; BENJAMIN H. SETTLE, District Judge; Honorable RICARDO S. MARTINEZ, District Judge; UNITED STATES OF AMERICA, <br><br> Defendants - Appellees. | No. 24-7769 <br><br> D.C. No. 3:24-cv-05760-DGE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Submitted February 18, 2026[**]

Before:    CALLAHAN, FRIEDLAND, and BRESS, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Ruby E. Ketschau appeals pro se from the district court's judgment dismissing her action alleging civil rights claims against the United States, the District Court for the Western District of Washington, and federal judges. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a sua sponte dismissal under Federal Rule of Civil Procedure 12(b)(6). *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987). We affirm.

The district court properly dismissed Ketschau's action because Ketschau failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that, to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Moore v. Brewster*, 96 F.3d 1240, 1243-44 (9th Cir. 1996) (explaining that federal judges are entitled to immunity for judicial acts taken within their jurisdiction).

We reject as unsupported by the record Ketschau's contentions that the district court dismissed her action without reviewing her ex parte emergency motion.

**AFFIRMED.**